Terry M. Goldberg, Esq., Cal. S.B. No. 55674
(email: tgoldberg@goldbergandgage.com)
Bradley C. Gage, Esq., Cal. S.B. No. 117808
(email: bgage@goldbergandgage.com)
**LAW OFFICES OF GOLDBERG & GAGE**
A Partnership of Professional Law Corporations
23002 Victory Boulevard
Woodland Hills, California 91367
Tel: (818) 340-9252   Fax: (818) 340-9088

Attorneys for Plaintiff,
CHANDLER DILLON FRENCH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANDLER DILLON FRENCH,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, DEPUTY A. MUNETON, in his individual and official capacity, AND DOE DEFENDANTS 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES<br>2. MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS |

COMES NOW PLAINTIFF CHANDLER DILLON FRENCH, and alleges as follows:

### I. VENUE AND JURISDICTION

1. Competent subject matter jurisdiction and venue exist, in whole or in part, pursuant to the following federal statutes:

    A.   42 U.S.C. §1983;

---

COMPLAINT FOR DAMAGES                                                                                          1

    B.    42 U.S.C. §1985(2)

    C.    42 U.S.C.  §1985(3);

    D.    Federal Civil Rights Jurisdiction:  28 U.S.C. §§1343(1) - (5);

    E.    Federal Question Jurisdiction:  28 U.S.C. §1331;

    F.    Federal Supplemental Jurisdiction:  28 U.S.C. §1367(b); and

    G.    Federal General Venue:  28 U.S.C. §1391(b).

2.    Plaintiff alleges that compliance with California Government Code §§ 900, *et seq.*, is preempted by invocation of Federal Question Jurisdiction 28 U.S.C. §1331, and application of *Williams v. Horvath*, 16 Cal.3rd 834 (1976), and *County of Los Angeles v. Superior Court*, 78 Cal. App. 4th 212 (2000). Plaintiff has alleged claims for relief arising under the Fourth and Fourteenth Amendments to the Constitution and laws of the United States of America.

3.    Venue is proper in the Central District of California. The injury occurred in the County of Santa Barbara, California.

## II. PARTIES

4.    At all times relevant hereto, Plaintiff CHANDLER DILLON FRENCH (hereafter also "Plaintiff" or "CHANDLER"), is a resident of California.

5.    At all times mentioned herein, defendant COUNTY OF SANTA BARBARA (hereafter also "COUNTY") was a public entity duly organized and existing under and by virtue of the laws of the State of California.

6.    At all times relevant herein, defendant DEPUTY A. MUNETON (hereafter also "MUNETON"), and DOES 1 through 5 were residents of the County of Santa Barbara, and were Sheriff's deputies, sergeants, detectives, and/or civilian employees, agents and representatives of the Santa Barbara County Sheriff's Department (hereinafter also "SBSD") and employees, agents and representatives of the County of Santa Barbara. At all times relevant hereto, said defendants were acting within the course and scope of their employment as deputies, sergeants, captains and sheriffs, policy makers, and/or civilian employees of the Santa

Barbara County Sheriff's Department, a department and subdivision of the County of Santa Barbara.

7. At all times relevant herein, defendant DEPUTY A. MUNETON , and DOES 1 through 5 were Santa Barbara County Sheriff's Department deputies and engaged in the conduct alleged herein under color of State Law, and through the auspices of the County of Santa Barbara and Santa Barbara County Sheriff's Department. Plaintiff alleges that the conduct and actions of DEPUTY A. MUNETON, and DOES 1 through 5 as alleged herein occurred during DEPUTY A. MUNETON's, and DOES 1 through 5's normal working hours as Santa Barbara County Sheriff's Department deputies or occurred under the pretense that either was acting as a Santa Barbara County Sheriff's Department deputies or were made possible solely because of their position as a Santa Barbara County Sheriff's Department deputies. Plaintiff further alleges that DEPUTY A. MUNETON, and DOES 1 through 5 acted at all times herein under the auspices, direction, command, instruction, and/or control of the Santa Barbara County Sheriff's Department and Santa Barbara County Sheriff Bill Brown.

8. At all times relevant herein, defendants DOES 6 through 10, were residents of the County of Santa Barbara, and were Sheriff's deputies, sergeants, detectives, captains, lieutenants, sheriffs, and/or civilian employees, agents and representatives of the Santa Barbara County Sheriff's Department and employees, agents and representatives of the County of Santa Barbara. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and sheriffs, policy makers, and/or civilian employees of the Santa Barbara County Sheriff's Department, a department and subdivision of defendant County of Santa Barbara. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of COUNTY OF SANTA BARBARA, its sheriff's department and/or the

1  State of California.
2  9.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

### III. FACTUAL ALLEGATIONS

10. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.
11. FRENCH was pulled over for various violations of the Vehicle Code, including speeding, driving under the influence, and damage to landscape/center median.
12. After a short pursuit, FRENCH exited his vehicle. Defendant DEPUTY A. MUNETON, and DOES 1 through 5 told him to get on the ground. FRENCH sat on the ground crossing his legs. Thereafter, he walked or crawled a few feet away. He did not flee as stated in the arrest report. Moreover, FRENCH's physical state and injuries made it virtually impossible for him to run or flee as he could barely crawl.
13. FRENCH had no weaponry of any sorts and showed absolutely no indication of possessing any weaponry of any sorts. FRENCH did not pose an immediate threat to the safety of any officers or others. Again, FRENCH's physical state and injuries, which were objectively observable, showed he posed no threat to anyone.
14. Defendant DEPUTY A. MUNETON, and DOES 1 through 5 without justification picked up FRENCH over his head, slamming FRENCH to the ground and breaking his back.
15. During DEPUTY A. MUNETON, and DOES 1 through 5's attack upon FRENCH,

they falsely yelled "stop resisting" even though FRENCH was not resisting. In fact, DEPUTY A. MUNETON, and DOES 1 through 5's voice was monotone and flat, which indicated the comments were for show and simply pretext for the use of excessive force.

16. As a direct and legal result of Defendant DEPUTY A. MUNETON, and DOES 1 through 5's excessive force, FRENCH suffered temporary paralysis, and needed to spend a few months in the hospital and has permanent injuries.

17. Defendant DEPUTY A. MUNETON, and DOES 1 through 5 got FRENCH behind a ramp, and looked over the ramp. Based on information and belief the reason for this was to make sure no one could see what Defendant was doing and that it would not be fully captured on the car video. While behind the ramp and out of view of onlookers, Defendant DEPUTY A. MUNETON, and DOES 1 through 5 beat, punched, struck, kicked and or otherwise injured FRENCH without justification. FRENCH was not resisting arrest and the actions of Defendant DEPUTY A. MUNETON, and DOES 1 through 5 was excessive and unconstitutional force on plaintiff.

## V. FIRST CLAIM FOR RELIEF
## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES
## [AS TO DEFENDANT DEPUTY A. MUNETON AND DOES 1 THROUGH 5]: 4th AMENDMENT, 14th AMENDMENT, 42 U.S.C. §1983.

18. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

19. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

20. At all times relevant hereto, Plaintiff possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches and seizures by peace officers acting under the color of law.

21. As described in Section III above, all defendant DEPUTY A. MUNETON, and

COMPLAINT FOR DAMAGES     5

    DOES 1 through 5 violated Plaintiff's Fourth Amendment rights by unlawfully and unreasonably using force against CHANDLER, which was excessive and/or unnecessary under the totality of the circumstances.

22. In doing these things, said defendants acted specifically with the intent to deprive Plaintiff of his constitutional rights under the Fourth Amendment to be free from unreasonable seizures.

23. Said defendants subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

24. Said defendants, acted at all times herein knowing full well that the established practices and customs of the Santa Barbara County Sheriff's Department would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

25. As the actual and proximate result of the acts and omissions of said defendants as described herein, Plaintiff suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, Plaintiff will likely be required to hire medical specialists for treatment and therapy for his injuries. Plaintiff has experienced or likely will suffer with a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment as a proximate result of the misconduct of all defendants, which is alleged herein and has and will incur attorneys fees and case costs.

26. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants, except the County which is statutorily immune.

## II. SECOND CLAIM FOR RELIEF
## MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS
## [AS TO DEFENDANT COUNTY OF SANTA BARBARA AND DOES 6 THROUGH 10]

27. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

28. This action is brought pursuant to 42 U.S.C. §1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

29. Defendant DEPUTY A. MUNETON , and DOES 1 through 5 acted under color of state law they violated Plaintiff's Fourth Amendment rights by unlawfully and unreasonably using force against CHANDLER, which was excessive and/or unnecessary under the totality of the circumstances.

30. Sheriff Bill Brown acted under color of state law. Sheriff Brown had final policymaking authority from defendant COUNTY OF SANTA BARBARA concerning the acts of Defendant DEPUTY A. MUNETON , and DOES 1 through 5.

31. Sheriff Brown ratified Defendant DEPUTY A. MUNETON , and DOES 1 through 5's acts. That is, Sheriff Brown knew of and specifically made a deliberate choice to approve DEPUTY A. MUNETON , and DOES 1 through 5's acts and the basis for it.

32. The training policies of the defendant COUNTY OF SANTA BARBARA were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

33. Defendant COUNTY OF SANTA BARBARA was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately.

34. The failure of the defendant COUNTY OF SANTA BARBARA to provide adequate training caused the deprivation of the plaintiff's rights by Defendant DEPUTY A. MUNETON , and DOES 1 through 5.That is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the

moving force that caused the ultimate injury.

35. As the actual and proximate result of the acts and omissions of said defendants as described herein, Plaintiff suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, Plaintiff will likely be required to hire medical specialists for treatment and therapy for his injuries. Plaintiff has experienced or likely will suffer with a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment as a proximate result of the misconduct of all defendants, which is alleged herein.

WHEREFORE, Plaintiff prays for the following:
1. Compensation for both economic and non-economic damages suffered and to be suffered;
2. Medical, hospital, ambulance, legal and other expenses incurred by Plaintiff;
3. Compensatory damages and nominal damages caused by deprivation of Plaintiff's constitutional rights;
4. Litigation costs;
5. Attorneys' fees, as allowed by statute;
6. Interest;
7. Civil Penalties as allowed by law.
8. Punitive damages (against the non-municipal Defendants only);
9. Any other relief or damages allowed by law, or statutes not set out above, and such further relief as this Court deems just and proper at conclusion of trial.

Dated: May 30, 2019

Respectfully Submitted,
LAW OFFICES OF GOLDBERG & GAGE
A Partnership of Professional Law Corporations

By:_____
    Terry M. Goldberg
    Bradley C. Gage
Attorneys for Plaintiff

O:\F\FRENCH\PLEADINGS\05-30-19 -  Cplt - FINAL.wpd

**COMPLAINT FOR DAMAGES**     9